UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　　ORDER

JESUS MOJICA,　　　　　　　　　　　　　　　　19-CR-629 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Jesus Mojica's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 25-27), and the Government's opposition thereto, (Doc. 29).

      On January 3, 2020, Defendant was sentenced principally to sixty months' imprisonment. (Doc. 22.) That sentence was the mandatory minimum applicable to his offense and below the Sentencing Guidelines range of 63-78 months. (Doc. 18 ("PSR") at 25.) He has served approximately twenty of those sixty months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his family circumstances – specifically, the need for him to help with his ailing mother and autistic son – amount to an extraordinary and compelling reason.  I do not doubt that Defendant was an involved and helpful father, nor do I doubt that Defendant's incarceration has worsened his mother's depression.  But Defendant's sister lives with and cares for his mother, (PSR ¶ 50), and his fiancée lives with and cares for his son, (*id.* ¶ 57).  I am sure it is difficult for her to attend to the son's needs on her own, but she is apparently a competent and accomplished person who is managing.  Defendant was aware of his mother's and son's conditions when he chose to commit the instant offense.  While I sympathize with Defendant's family members, hardship on the family almost always results from serious criminal conduct, and rarely rises to the level of extraordinary and compelling.  *See United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) ("[I]t is truly unfortunate that [Defendant's]

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

incarceration has placed that burden on his wife; but that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence."); *id.* ("Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration.").

     As for the pandemic, Defendant is a healthy forty-three year old man. In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Knight*, No. 10-CR-128S, 2020 WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction . . . ."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases). Happily there are no inmate COVID-19 cases at USP Lewisburg, where Defendant is housed.

     In short, the factors to which Defendant points do not, singly or in combination, amount to extraordinary and compelling circumstances.

     Even if they did, I would have to consider the § 3553(a) factors. They militate against release a third of the way into Defendant's sentence. The instant offense was Defendant's second federal felony conviction. A previous 10-year sentence did not deter him. In his earlier case, his bail was revoked; he had numerous infractions in prison; and there were numerous

instances of noncompliance with conditions of supervised release that were not charged.  The instant case involved more than 700 grams of heroin (including 5000 seized glassines weighing 150 grams).  Defendant blamed his drug dealing on the need to pay for this father's funeral – which in any event is obviously no excuse – but he began the drug dealing a good six months before his father passed away.  This suggests a troubling lack of insight.  Releasing Defendant to home detention now would undermine several of the § 3553(a) factors.  It would not sufficiently address the nature and seriousness of the offense, including his rapid return to significant drug dealing soon after finishing supervision.  It would not be just punishment, would insufficiently deter, and would introduce unwarranted sentencing disparities.  It would not suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given the Defendant's record.  In short, even if Defendant had shown extraordinary and compelling circumstances, I would deny the motion in light of the offense, the risk to the public and the other § 3553(a) factors.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Docs. 25 and 29.

Dated: November 16, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.